## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IVY POLLARD,                       )
                                   )
                Plaintiff,       )
                                   )
v.                                )       Case No.
                                   )
WALMART, INC.,                )
                                   )
                Defendant.    )
_____)

## COMPLAINT

COMES NOW the Plaintiff, Ivy Pollard, by and through her counsel, Mark G. Ayesh of the Ayesh Law Offices, and for her complaint alleges and states as follows:

### A. PARTIES

1.      Plaintiff, Ivy Pollard, is a citizen and resident of Mulvane, Sedgwick County, Kansas, with a residence address of 714 Eastview Drive, Mulvane, Kansas 67110. Plaintiff, Ivy Pollard, is hereinafter referred to as "Plaintiff."

2.      Defendant, Walmart, Inc., is a foreign for-profit corporation authorized to do business in the State of Kansas (Business Entity ID No. 7054901). Defendant, Walmart, Inc., may be served by and through its Resident Agent, The Corporation Company, 112 S.W. 7th Street, Suite 3C, Topeka, Kansas 66603. Defendant, Walmart, Inc., is hereinafter referred to as "Defendant."

### B. JURISDICTION

3.      This an employment case arising under the (i) Americans With Disabilities Act as amended, 42 U.S.C. § 1210 et seq. (hereinafter referred to as "ADA"); (ii) 28 U.S.C. § 2201 pertaining to Declaratory Judgments; and (iii) the Family And Medical Leave Act, 29 U.S.C. § 2601

et seq. (hereinafter "FMLA).  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      The unlawful practices and actions alleged below were committed within the State of Kansas.  Virtually all witnesses were located within the State of Kansas, and all relevant documents are within the State of Kansas, making venue in this Court appropriate by virtue of 28 U.S.C. § 1391(b).

5.      Plaintiff has fully exhausted her administrative remedies.  On October 13, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC").  On January 18, 2018, the EEOC issued a Dismissal and Notice of Rights to Plaintiff.  (*Ivy Pollard v. Walmart*, EEOC Charge No. 563-2018-00073).   Plaintiff brings this cause of action within ninety (90) days from the date of her Right to Sue Notice.

## C.  FACTS

6.       Plaintiff was employed at Defendant from January 29, 2001, to April 18, 2017.  The last position was a Customer Support Manager.  The value of her annual compensation and benefits exceeded Forty Thousand Dollars ($40,000).

7.      In March of 2015,  Plaintiff was diagnosed with Crohns disease  which is a physical impairment that substantially limits one or more of major life activities and/or the operation of one or more of major bodily functions.

8.      Plaintiff applied for and used intermittent FMLA leave for her Crohns disease.

9.      Plaintiff took intermittent FMLA leave on Monday, April 17, 2017.

10.      Plaintiff was fired the next day on April 18, 2017.

11.    Defendant alleged that the  Plaintiff was terminated for "gross misconduct-an integrity issue".  The stated reason was pretextual, contrived and bogus.

12.     Plaintiff had a spotless record with Defendant and had never had any disciplinary action taken against her.

13.    The alleged "gross misconduct" centered around a TV that the Plaintiff purchased at Defendant in November of 2016. The TV acted up and the Plaintiff returned the TV to the Defendant and exchanged it.

14.    On April 9, 2017, the  Plaintiff and her son took the defective TV to the service desk at Defendant.  The TV was left at the service desk while  Plaintiff went to the electronic section to find a replacement TV.

15.    The  Plaintiff thought she had a 40" Vizio TV to exchange and looked for the same model.  The store did not have a 40" Vizio in stock.  The electronic sales person had a 40" Hisense TV in stock which was cheaper than the Vizio so the Plaintiff agreed to the exchange.  The electronics employee took the new TV to the service desk.

16.    The  Plaintiff asked the service desk employee to pull up the original receipt on the computer in order to effect the exchange of the Televisions.  The service desk employee did not do so.  The exchange was made and the  Plaintiff and her son left with the new television.

17.    On April 18, 2017, the  Plaintiff arrived for her scheduled shift.  The  Plaintiff was escorted to the Asset Protection Manager's office.  The  Plaintiff was informed that the television she exchanged was not a 40" Vizio but was 32" Vizio which was Fifty Dollars ($50.00) cheaper than the TV she had received in the exchange.

18.     Plaintiff offered to pay the difference between the two TVs.  Management of Defendant advised the  Plaintiff that that was not an option and that  Plaintiff was fired without any recourse.

19.     The day after her termination, the  Plaintiff drove to Bentonville, Arkansas, to the headquarters of the Defendant wanting to address the situation with someone.  The  Plaintiff was told that the Defendant was not going to rescind the decision to terminate her.

20.     The proferred reason of the Defendant for the termination of the  Plaintiff would mean that the  Plaintiff risked her sixteen (16) year career with an annual value in excess of Forty Thousand Dollars ($40,000) to save Fifty Dollars ($50.00).  The proposition is absurd.

### D.  CAUSES OF ACTION

#### 1.  Violations of the Americans With Disabilities Act

21.     Plaintiff incorporates by reference Paragraphs 1 through 20 of this Complaint.

22.     The conduct of the Defendant constitutes disability discrimination in violation of the ADA.

23.     Plaintiff suffered damages and is entitled to an award of damages for back pay and front pay, compensatory damages, including damages for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for a judgment against Defendant awarding to the Plaintiff:

A.     Declaratory judgment pursuant to 28 U.S.C. § 2201, and 42 U.S.C. § 2000e-5(g), finding that the Defendant discriminated against the Plaintiff based upon her disability by terminating her; and

4

B.     For monetary damages in an indeterminate amount to compensate the Plaintiff for economic damages, prejudgment interest, compensatory damages for past and future nonpecuniary loss pursuant to 42 U.S.C. § 12117(a) and 2000e-5(g); and

C.     For appropriate injunctive or equitable relief as the Court deems just and proper; and

D.     For reasonable attorneys fees, expert fees, litigation expenses, costs and such other relief the Court deems just and proper pursuant to 42 U.S.C. §12205 and 2000e-5(k).

### 2.   Violations of the Family And Medical Leave Act and/or Retaliation

24.     Plaintiff incorporates by reference Paragraphs 1 through 23 of this Complaint.

25.     The conduct of the Defendant violates Plaintiff's rights under the FMLA.

26.     Plaintiff properly followed procedures regarding the giving of notice and requesting FMLA leave intermittent leave.

27.     Defendant wilfully interfered and restrained and/or denied Plaintiff's entitlement to rights under the FMLA.

28.     Defendant wilfully discriminated against the Plaintiff by discharging her from employment for requesting and taking leave for which FMLA was approved and discharged Plaintiff from employment upon her return to work from FMLA leave.

29.     Plaintiff suffered damages and is entitled to an award of actual damages, liquidated damages, attorneys fees, costs, and such other and further relief the Court deems just and proper.

WHEREFORE, Plaintiff prays for a judgment against Defendant awarding to Plaintiff:

A.     Wages, salary, employment benefits, and other compensation denied or lost to Plaintiff; and

B.     For interest on the amount requested, calculated at the prevailing rate; and

5

C.      For an additional amount as liquidated damages, equal to the sum of the requested

amount and interest requested above; and

D.      For equitable relief as may be appropriate; and

E.      Reasonable attorneys fees, expert witness fees, costs, and other related expenses as

deemed just and equitable by the Court.

Respectfully submitted,

AYESH LAW OFFICES

By:/s/ Mark G. Ayesh
        Mark G. Ayesh, #10175
        AYESH LAW OFFICES
        8100 East 22nd Street North
        Building 2300, Suite 2
        P. O. Box 781750
        Wichita, KS   67278-1750
        Telephone:  316-682-7381
        E-Mail: mayesh@ayesh.kscoxmail.com
        *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that the issues in this matter be heard by a jury.

## DESIGNATION OF TRIAL

Plaintiff designates Wichita, Kansas as the location for the trial in this matter.

By:/s/ Mark G. Ayesh
        Mark G. Ayesh, #10175